Filed 6/20/22  P. v. Sandoval CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>HUGO I. MADRID SANDOVAL,<br><br>　　Defendant and Appellant. | D079689<br><br><br><br>(Super. Ct. No. 16260-B) |

APPEAL from an order of the Superior Court of Imperial County, Poli Flores, Jr., Judge.  Reversed and remanded with directions.

Christopher A. Reed, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene Sevidal, and Randall D. Einhorn, Deputy Attorneys General, for Plaintiff and Respondent.

This is an appeal from an order denying appellant's petition to vacate his 1994 felony conviction under Penal Code[1] section 1473.7.  Appellant

---

[1]    All further statutory references are to the Penal Code unless otherwise.

contends the trial court erred in applying the wrong standard for determining whether appellant was reasonably diligent in first seeking relief in 2021. Appellant also contends the court failed to understand the scope of its discretion under the statute. The Attorney General properly concedes the trial court erred and urges this court to reverse the order denying relief and remand for further proceedings applying the proper standard.

We addressed a similar issue in *People v. Alatorre* (2021) 70 Cal.App.5th 747, 765-766 (*Alatorre*). We will reverse the order denying the petition under section 1473.7 and remand for a new hearing.

## FACTS AND PROCEDURAL BACKGROUND

Given the Attorney General's concession, the parties do not dispute the factual or procedural background. We will adopt the statement of facts and procedure set forth in the respondent's brief.

Appellant is a native and citizen of Mexico. On June 7, 1990, he "entered [the United States] as an Immigrant."

On May 19, 1994, the Imperial County District Attorney filed a felony complaint charging appellant with transportation/sale of a controlled substance (cocaine) (Health & Saf. Code, § 11352, subd. (a); count 1), possession for sale of a controlled substance (cocaine) (Health & Saf. Code, § 11351; count 2), and criminal conspiracy to commit a felony (Pen. Code, § 182; count 3). On September 1, 1994, appellant pled guilty to felony possession for sale of a controlled substance (count 2) and was sentenced to a suspended term of two years in state prison, five years formal probation, and 365 days in county jail.

As a result of this conviction, on November 7, 1994, Immigration and Naturalization Service initiated deportation proceedings against appellant, charging him with deportability from the United States as an alien convicted

2

of a violation of any law or regulation relating to a controlled substance (former § 241(a)(2)(B)(i) of the Immigration and Nationality Act (INA)), and as an alien convicted of an aggravated felony (§ 241(a)(2)(A)(iii) of the INA). On March 31, 1995, appellant was ordered deported. On September 18, 1995, his immigration appeal was dismissed.

On August 25, 2021, appellant filed a motion to vacate his conviction with the Superior Court of the State of California pursuant to sections 1016.5 and 1473.7. On September 22, 2021, the court denied appellant's motion, finding he did not exercise due diligence as required by both sections.

On November 9, 2021, appellant filed a notice of appeal.

## DISCUSSION

In *Alatorre, supra*, 70 Cal.App.5th 747, we considered a similar case in which there was lengthy delay from the time of conviction and deportation until the appellant sought relief. We discussed the standard for assessing reasonable diligence under section 1473.7. There, we noted the court has discretion to grant relief under the statute and that delay must be considered in light of the operative date of that section and not from the date of conviction or immigration action. Delay is a factor to be considered in light of all the circumstances surrounding the petitioner's efforts to have a conviction vacated.

As the parties argue here, the trial court appears to have applied the wrong standard for determining reasonable diligence. It also appears the court did not fully appreciate the scope of its discretionary authority under section 1473.7.

## REMEDY

In his opening brief, appellant requested reversal and remand for a new hearing applying the proper standard. The Attorney General conceded

3

error and also requested remand and a new hearing. In his reply brief, appellant changed his request and now urges this court to simply grant his motion to vacate the conviction and not remand for a new hearing. We decline appellant's belated request.

The Attorney General was deprived of the opportunity to respond to the new request. Further, the trial court decided the case on erroneous procedural grounds. The court did not otherwise address the merits of the request We think the prudent approach to the resolution of the pending petition is to remand for a new hearing in light of our decision in *Alatorre*.

## DISPOSITION

The order denying appellant's petition to vacate his conviction is reversed. The matter is remanded to the superior court to conduct a new hearing consistent with the views we expressed in *Alatorre*, *supra*, 70 Cal.App.5th 747.

HUFFMAN, Acting P. J.

WE CONCUR:

O'ROURKE, J.

AARON, J.

4